# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-2737

_____

Atomic Hill, Jr.,                               *
                                                *
          Appellant,                            *
                                                *
     v.                                         *   Appeal from the United States
                                                *   District Court for the
Bolin, Sgt., Maximum Security Unit,             *   Eastern District of Arkansas.
ADC; David Knott, Lt., Maximum                  *
Security Unit, ADC, originally sued as          *        [UNPUBLISHED]
"Knott"; Jerome Adams, Captain,                 *
Maximum Security Unit, ADC,                     *
originally sued as "Adams"; Tommy               *
James, Assistant Warden, Maximum                *
Security Unit, ADC, originally sued             *
as "James"; R. D. Bailey, Lt.,                  *
Maximum Security Unit, ADC,                      *
originally sued as "Bailey"; Richard            *
Wimberly, Major, Maximum Security               *
Unit, ADC, originally sued as                   *
"Wimberly"; Tiffanye Compton,                   *
Supervisor, Arkansas Department of              *
Correction, originally sued as "T.              *
Compton"; David White, Warden,                  *
Maximum Security Unit, ADC,                      *
originally sued as "D. White"; Vanieta          *
King, Classification Officer, Maximum           *
Security Unit, ADC, originally sued as          *
"V. King"; Larry May, Director,                 *
Arkansas Department of Correction;              *
George Brewer, Administrator,                   *

Arkansas Department of Correction,  *
originally sued as "G. Brewer,"  *
                                 *
            Appellees.           *

_____

Submitted: August 4, 2006
Filed: August 14, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Atomic Hill (Hill) appeals the district court's[1] judgment in favor of defendants in his 42 U.S.C. § 1983 action. We affirm.

As relevant, defendants moved for judgment on the pleadings on the ground that Hill had not exhausted his administrative remedies through the prison grievance procedure, as required by 42 U.S.C. § 199e(a). The district court concluded Hill failed to exhaust his administrative remedies. On appeal, Hill has waived any arguments he may have regarding the exhaustion issue by failing to address the issue in either of his briefs. See Meyers v. Starke, 420 F.3d 738, 742-43 (8th Cir. 2005) (to be reviewable, issue must be presented in brief with some specificity, and failure to do so can result in waiver); Harris v. Folk Constr. Co., 138 F.3d 365, 366 n.1 (8th Cir. 1998) (by failing to assert grounds for challenging certain rulings, appellant is deemed to have waived related issues on appeal).

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Hill also challenges the denials of his multiple motions for appointed counsel, but we conclude that there was no abuse of discretion in denying Hill appointment of counsel.  See Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (standard of review; pro se litigant has no statutory or constitutional right to have counsel appointed in civil case; factors for district court to consider when determining whether to appoint counsel include complexity of case and ability of litigant to investigate facts and present claim).

The judgment is affirmed.

_____